# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-364-MJR |
| | ) |
| THOMAS KNAPP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiffs, inmates currently confined at the USP-Coleman and Menard Correctional Center, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Liberally construing the complaint, it appears that Plaintiffs Hunter and Little were held at the St. Clair County Jail (SCCJ) as criminal charges were pursued against them.[1] Plaintiffs state that they were confined in the "deseg/adseg" unit at SCCJ. Plaintiffs assert several claims concerning the conditions at SCCJ.

First, Plaintiffs allege that the unit in which they are confined "does not pass fire safety ordinances" because there are no fire sprinklers. Plaintiffs contend that the lack of sprinklers caused them mental anguish.

Second, Plaintiffs assert that "ad seg" prisoners are not allowed to worship with inmates being held in the general population at SCCJ.

Third, Plaintiffs contend that they were not provided any recreation periods out of their cells.

Fourth, Plaintiffs allege that Defendant Knapp allows only Christian religious services and that Plaintiffs - claiming to be Muslims - are denied all religious services.

Fifth, Plaintiffs allege: there was no hot water in their cells; they were forced to eat in filthy cells; they were denied cleaning supplies; prison staff did not wear hair and beard guards while serving food; they found bugs and hair in their food; the food was served cold; and the store at SCCJ had no products "to keep a black man groomed."

In addition to the original complaint which appears to be signed by both Plaintiff Hunter and Plaintiff Little, the Court has received several supplements to the original complaint signed only by Plaintiff Hunter. *See* (Docs. 9, 11, 13, and 14). These supplements seek to apprise the Court of

---

[1] Plaintiff Hunter was charged in federal court with being a felon in possession of a firearm - a charge he plead guilty to. *See United States v. Hunter*, No. 06-30113-MJR (S.D. Ill.). It appears that Plaintiff Little was being held on unrelated state charges.

events transpiring *after* the date the original complaint. The supplements detail events from May 13, 2007 through August 13, 2007. The supplements mostly concern the lack of hot water and cleaning supplies. Each supplement sets forth a daily chronology of events. For example, the first supplement (Doc. 9) states, in part:

> 5-25-07. A whole week has passed and we have not gotten any cleaning stuff to clean the toilet or sink in cells.
>
> 5-26-07. Lt. BJ Cole tod us that Tues. 5-29-07 we would be able to have hot water. She explain that maintainence [sic[ would be here and would be able to fix the hot water.
>
> 5-29-07. The maintainence [sic] shift came and didn't cut the water on and we didn't get any cleaning stuff. More complaints was put in about the hot water but I have not gotten no answer what so ever [sic]. Today we didn't get any hot water in our cells. We still have not did our laundry yesterday was a holiday and we was not permitted. The maintainence [sic] people turned up the shower water unmanageably hot.

**DISCUSSION**

Plaintiffs' claim that Defendant Knapp violated the First Amendment by allowing Christian religious services but denying them Muslim religious services survives review under 28 U.S.C. § 1915A and should not be dismissed at this time.

Plaintiffs' claims against Defendants Justus, SCCJ, and the City of Belleville, however, should be dismissed pursuant to 28 U.S.C. § 1915A. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v.*

3

*Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). The complaint fails to allege any facts indicating that Defendant Justus was personally liable for *any* of the alleged deprivations of Plaintiffs' rights. With the exception of the religious claim noted above, the complaint fails to allege any facts indicating that Defendant Knapp was personally liable for the other alleged deprivations of Plaintiffs' rights.

Additionally, it is well settled that a municipality may not be held vicariously liable under § 1983 for the actions of its employee, unless the employee acted pursuant to a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff makes no allegation that Knapp or anyone else acted pursuant to an official policy or custom. Accordingly claims against SCCJ and the City of Belleville, therefore, are inadequate to bring those defendants into a § 1983 action.

Even if Plaintiffs had alleged that the Defendants were personally involved with alleged constitutional violations, many of Plaintiffs' claims should still be dismissed. For example, Plaintiffs' allegation that SCCJ does not pass fire safety ordinances does not - by itself -state a constitutional claim. *See French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1986) (observing that "[t]he eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with OSHA regulations"). Furthermore, the whole point of segregation - either for disciplinary or administrative purposes - is to segregate some prisoners from prisoners in general population. Therefore, not allowing the segregation prisoners to worship with general population prisoners does not appear to implicate any constitutional right.

**DISPOSITION**

Plaintiffs' claims against Defendants Justus, SCCJ, and City of Belleville are **DISMISSED**,

4

with prejudice, for failing to state a claim. This dismissal counts as a "strike" for both Plaintiff Hunter and Plaintiff Little for purposes of 28 U.S.C. § 1915(g).

Because there are no claims pending against them, Defendants Justus, SCCJ, and City of Belleville are **DISMISSED** from this action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant Knapp. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant Knapp in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests

waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED**.

**DATED this 2nd day of April, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**