IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON HUNTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.   07-cv-364-MJR-PMF |
| | ) | |
| THOMAS KNAPP, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion to dismiss the claims of plaintiff James Little (Doc. No. 62).  Little filed this action along with two other inmates.  Little's response to the motion to dismiss was due by September 8, 2009.  When a response was not filed in a timely manner, Little was ordered to respond by September 21, 2009 (Doc. No. 65).  At that time, he was advised that the absence of a response would be considered an admission that the motion to dismiss had merit.  A response is not on file.

Defendant seeks dismissal as a sanction for Little's failure to comply with the rules and order of this Court, which required Little to notify both the Clerk and opposing parties of any change in his whereabouts.  The Clerk's records show that Little is located at the correctional center in Menard, Illinois; however, mail sent to Little at that address was returned to defense counsel with the indication that Little had moved without providing a forwarding address (Doc. No. 62-2, p. 1).  Little has not notified the Clerk or defense counsel of his current whereabouts.

Involuntary dismissal is an extraordinarily harsh sanction that should be used only when

there is a clear record of delay or contumacious conduct or less drastic sanctions have been unavailing. *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008). The record shows that Little failed to obey the Court's rules and directives on more than one occasion. He did not notify the Clerk or opposing counsel that his addressed changed, did not file a timely brief within 30 days, and did not file a response after the Court specifically directed a response. Because these directives were sent to Little and were not returned, it appears that Little received them. A review of the docket entries shows that Little has not participated in this litigation since May, 2008. Hence, there is a clear record of disinterest. In these circumstances, dismissal is warranted.

IT IS RECOMMENDED that the motion to dismiss (Doc. No. 62) be GRANTED. The claims of James Little should be DISMISSED with prejudice.

**SUBMITTED:  October 7, 2009 .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**